MATTER OF DA SILVA

In Section 212(i) Proceedings

A-21366856

*Decided by Commissioner May 3, 1979*

(1) Applicant who resided in the Cape Verde Islands was found to be ineligible to receive an immigrant visa under section 212(a)(19) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(19), by the consular officer. He submitted an application for waiver of that ground of excludability under section 212(i) of the Act, 8 U.S.C. 1182(i), based on the fact that he is the spouse of a United States citizen. The application was denied by the Officer-in-Charge, Rome, Italy, and by the District Director, Rome, Italy, and certified to the Commissioner for decision under 8 C.F.R. 103.4. The application will be granted.

(2) While hardship is a factor to be considered in deciding whether or not to grant a waiver of excludability under section 212(i) of the Act, there is no statutory requirement that extreme hardship be established.

(3) A discretionary decision must be based on the weight of the factors present in the case, both adverse and favorable. Questionable factors should either not be considered at all, or should be resolved in favor of the applicant.

(4) The fraud for which the applicant seeks forgiveness should not be considered as an unfavorable factor in deciding whether or not to grant a waiver of excludability under section 212(i).

(5) Waiver application under section 212(i) of the Act will be approved in the interest of family reunification where the requisite relationship exists and the favorable factors outweigh the unfavorable factors.

ON BEHALF OF APPLICANT: M. David Scheinman, Esquire
888 Purchase Street
New Bedford, Massachusetts

This matter is before the Commissioner, Immigration and Naturalization Service, on certification as provided by 8 C.F.R 103.4. The application was denied by the Officer-in-Charge, Rome, Italy, and appealed to the District Director, Rome, Italy, pursuant to 8 C.F.R. 103.1(n). The District Director upheld the decision of the Officer-in-Charge and dismissed the appeal.

The applicant is 28 years of age, a native of Cape Verde Islands, and a citizen of Portugal. He is married to a citizen of the United States

and is the beneficiary of an approved immediate relative immigrant visa petition. He is presently residing in Cape Verde Islands and is an applicant for an immigrant visa at an American Consulate. The consular officer found the applicant ineligible to receive an immigrant visa pursuant of section 212(a)(19) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(19). The consular officer's finding was based on a determination by the District Director, Boston, Massachusetts, that the applicant, after entry as the nonimmigrant fiance of a United States citizen, entered into a fraudulent marriage with said United States citizen.

The record reflects that the applicant first entered the United States on December 8, 1975, as the beneficiary of an approved fiance petition filed by a United States citizen. On February 18, 1976, the applicant married the United States citizen petitioner, 69 years of age at that time.

During the course of an inquiry conducted as a result of the applicant's application for adjustment of status to permanent resident filed on February 24, 1976, it was determined that the marriage was mala fide and had been entered into solely to obtain permanent resident status. His application for permanent residence status was denied on February 25, 1977, and he was allowed to depart voluntarily from the United States.

Following his departure from the United States, he entered into his present marriage in Cape Verde Islands on June 28, 1977. The United States citizen spouse has visited the applicant in Cape Verde Islands at various times since the marriage, but is presently living apart from him in the United States, where she is employed.

The Officer-in-Charge, in his decision of March 8, 1978, cited three reasons for his adverse decision. The first was that the applicant had contrived to practice fraud and deceit after his return to Cape Verde Islands. This was based on an interview conducted before a United States consular officer in Lisbon on July 15, 1977, when the applicant stated that his spouse was pregnant, when in fact she was not. The second was that the applicant had not shown that he had reformed or rehabilitated, and the third was that there was no showing of extreme hardship "as required by the statute."

On appeal, the District Director in Rome upheld the Officer-in-Charge's decision on April 24, 1978. The Director cited the same three reasons as did the Officer-in-Charge in deciding that favorable discretion should not be exercised in this case.

In connection with the appeal filed with the District Director, the applicant's spouse stated in a letter dated March 21, 1978, that her husband had told the consular officer in Lisbon that she was pregnant because she herself believed that she was at the time, and he was

acting on this belief at the time of the interview on July 15, 1977. She further stated that she did not inform him that she was not pregnant until August 1977. The District Director did not comment on the explanation offered by the applicant's spouse in his decision even though he and the Officer-in-Charge based their findings of continued fraud and deceit and lack of reformation and rehabilitation on this aspect of the case.

Both the Officer-in-Charge and the District Director stated in their decisions that there is a statutory requirement that extreme hardship be shown in section 212(i) waiver cases and that the applicant had not established such a hardship. While hardship is a factor to be considered in deciding a section 212(i) application, there is no statutory requirement that extreme hardship be established.

Section 212(i) reads as follows:

> Any alien who is the spouse, parent, or child of a United States citizen or of an alien lawfully admitted for permanent residence and who is excludable because (1) he seeks, has sought to procure, or has procured, a visa or other documentation, or entry into the United States, by fraud or misrepresentation, or (2) he admits the commission of perjury in connection therewith, may be granted a visa and admitted to the United States for permanent residence, if otherwise admissible, if the Attorney General in his discretion has consented to the alien's applying or reapplying for a visa and for admission to the United States.

The applicant's past action in obtaining a fiance visa and entering into a marriage solely for the purpose of obtaining a benefit under the law was clearly fraudulent and placed him under the exclusion provisions of section 212(a)(19). His subsequent statement to the consular officer that his wife was pregnant when in fact she was not, would evidence a continued pattern of fraud if it was unexplained.

In this case, however, the applicant's wife has furnished an explanation, and since we have no evidence to the contrary, we must accept the explanation as a valid statement.

A discretionary decision must be based on the weight of the factors present in the case, both adverse and favorable. Questionable factors should either not be considered, or resolved in favor of the applicant. In this case, we have what appears to be a viable marriage between the applicant and the United States citizen. This is a favorable factor. They are living apart at a great distance and are undergoing the hardship of separation, and the economic hardship of maintaining two separate residences. This is a favorable factor. The applicant's statement regarding his wife's pregnancy has been explained and will not be considered as an adverse factor. While the initial fraud is obviously adverse, this is the action for which he asks to be forgiven.

After a careful and complete review of the factors present in this case, it is considered that the favorable factors outweigh the adverse

factors and the application should be approved in the interest of family reunification. It will be so ordered.

ORDER: The decision of the District Director be and is hereby withdrawn and the application is approved.